**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE *EX PARTE* APPLICATION OF
RESTORE ADVISORY INTERMEDIAÇÕES LTDA.,

                               *Petitioner,*                    No. 22 Misc. 65

For an Order Pursuant to 28 U.S.C. § 1782 to Take
Discovery for use in Foreign Proceedings Pending in
the Federative Republic of Brazil.

## <u>ORDER</u>

Upon consideration of the *ex parte* petition of Restore Advisory Intermediações Ltda.

("**Petitioner**") in application for an order permitting Petitioner to obtain discovery from Admel

Properties, Inc. ("**Respondent**") for use in pending foreign legal proceedings pursuant to 28

U.S.C. § 1782 (the "**Application**") and all papers submitted in support thereof including the

Memorandum,[1] Toledo Declaration and Hollembeak Declaration and all exhibits thereto, this

Court finds that (1) the statutory requirements of Section 1782 are satisfied, (2) the factors

identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*,

542 U.S. 241 (2004), weigh in favor of granting the Application and (3) granting the Application

*ex parte* is warranted under the circumstances and will not prejudice the rights of Respondent to

move to vacate this Order or quash Petitioner's discovery requests authorized hereunder.  It is

therefore

ORDERED that the Application is granted; and it is further

ORDERED that Petitioner is authorized to conduct discovery in this District relating

to the issues identified in the Application and supporting papers for use in the Brazilian

Proceedings

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application.

in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, including by issuing Respondent subpoenas for the production of documents and for a deposition in accordance with Fed. R. Civ. P. 30(b)(6) in the forms annexed hereto as Exhibits 1-2, respectively; and it is further

ORDERED that counsel for Petitioner are hereby appointed to issue, sign, and serve subpoenas upon Respondent and any testimony in this matter may be taken before any certified court reporter authorized to take testimony and administer oaths, and such court reporters are hereby authorized to take testimony in this matter; and it is further

ORDERED that Petitioners' counsel shall serve a copy of this Order and all papers upon which it was based together with said subpoenas; and it is further

ORDERED that Respondent is directed to comply with the subpoenas in accordance with the Federal Rules of Civil Procedure and Local Civil Rules of this District and Rules of this Court, as applicable; *provided*, *however*, that this Order is without prejudice to the rights of Respondent to file a motion to vacate or quash; and it is further

ORDERED that Petitioner is authorized in its discretion to use or not use any discovery obtained by this Order in aid of the Brazilian Proceedings without further leave of this Court; and it is further

ORDERED that this Court has and shall retain jurisdiction over this matter.

SO ORDERED:

Date: _____March 7_____, 2022

_____
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

SUBPOENA FOR PRODUCTION OF DOCUMENTS

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▾

| | |
|---|---|
| Restore Advisory Intermediações LTDA | ) |
| _Plaintiff_ | ) |
| v. | ) |
| In re Application pursuant to 28 U.S.C. § 1782 for | ) |
| discovery in aid of foreign proceeding | ) |
| _Defendant_ | ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Admel Properties, Inc.

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    See Attachment

| Place: MB Scanlon PLLC, 4301 50th Street NW, Washington, D.C., 20016, Attn: Gabriela Menna Barreto Scanlon | Date and Time: |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ___Petitioner___
___Restore Advisory Intermediações LTDA___ , who issues or requests this subpoena, are:

 Jeremy C. Hollembeak, Baird Holm LLP, 1700 Farnam Street, Ste 1500, Omaha, NE 68102-2068, Email:
 jhollembeak@bairdholm.com, Tel: (402) 636-8317

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**<u>DOCUMENTS TO BE PRODUCED</u>**

Admel Properties, Inc. shall, utilizing the Definitions and Instructions below, produce the Documents so requested:

**<u>DEFINITIONS</u>**

The terms "communication," "document" (including "electronically stored information"), "identify," "person," and "concerning" shall have the meanings ascribed to them in Local Civil Rule 26.3(c), and the terms "all," "any," and "each," "and" and "or," and all singular and plural references herein shall be given the construction required by Local Civil Rule 26.3(d).  Without limiting the scope of these definitions or altering these rules of construction, certain of these terms have been further defined below for the sake of clarity, along with additional defined terms not contained in the Local Civil Rules:

1.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.      "Communication" or "communications" means the transmittal of information by any means, oral or written, in the form of facts, ideas, and inquiries or otherwise.

3.      The terms "concerning," "concerns," "relating to," "referring to," "pertaining to," "reflecting," "evidencing," and "constituting" are used, for the purpose of this Subpoena, as equivalent terms, each including the others.

4.      "Document" or "documents" includes, but is not limited to, all accounts, accounting journals, addenda, advertising materials, agreements, analyses, bids, bills, blueprints, books, bulletins, calendars, canceled checks, cashbook, charts, checkbooks, check stubs, chronicle,

computer software, contracts, contract memoranda, memoranda of conversations or communications, correspondence, delivery tickets, diagrams, diaries, drawings, electronic mail, estimates, facsimile sheets, financial statements, flow sheets, forms, graphs, index, index sheets, internal communications, instant messages, inter-office directives, invoices, job cost records, journals, ledgers, letters, lists, logbooks, magnetic tapes, manuals, maps, memoranda, microcards, microfilms, minutes, notes, orders, outlines, papers photographs, plans, price lists, printouts, proposals, purchase orders, quotations, Quickbook records, records, renderings, reports, requests, requisitions, schedules, sketches, statements, studies, summaries, tapes, telegrams, telephone bills, telephone message slips, text messages, time sheets, transcripts, transmittals, travel and expense accounts, vellums, videotapes, vouchers, work orders, WhatsApp communication and worksheets in your possession, custody, or control, or known to you, whether or not prepared by you. "Document" or "documents" also includes all copes which are not identical with the original. In addition, each request should be considered as including all copies, and to the extend applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of document but not on the original or other copies thereof).

5.      The term "including" shall mean including without limitation.

6.      "Person" refers to a natural person or any legal entity, including, without limitation, any business or governmental entity or associations, including a governmental agency, corporation, partnership, sole proprietorship, trust, or business entity in any form.

7.      "Admel Properties, Inc.," "you" and "your" shall mean and refer to Admel Properties, Inc., the New York City corporation (DOS ID No. 2418280) and/or any of your parent

companies, affiliates, subsidiaries, shareholders, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns, and attorneys acting at your direction or on your behalf, including Adolpho Mello and Jonathan A. Lesser.

## **INSTRUCTIONS**

1.      Unless otherwise specified (or subsequently agreed by the parties or ordered by the Court), these requests seek documents created from and after January 1, 2007 through the date of this Subpoena.

2.      In response to these items to be produced, you are required to produce all responsive documents in your possession, custody, or control, including documents in the possession of, or available or accessible to, you or your representatives, members, employees, officers, directors, agents, accountants or attorneys.

3.      A document is deemed to be in your possession, custody or control if it is in your physical custody, or if it is in the physical custody of any other person and you (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise to use, inspect, examine or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.      These instructions and the description of the items to be produced are to be read and interpreted in accordance with the definitions set forth above.

5.      For the purposes of reading, interpreting, or construing the scope of these items to be produced, the terms used shall be given their most expansive and inclusive interpretation.

6.      Unless instructed otherwise, each item to be produced shall be construed independently and not by reference to any other request for the purpose of limitation.

7.      Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

8.      If any portion of any document is responsive to any item to be produced, then the entire document must be produced. If any requested item to be produced cannot be produced in full, please produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document.

9.      All documents must be produced in their entirety, including all attachments, appendices, exhibits and enclosures, and in their original folder, binder, or other cover or container unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document. Oversize figures and drawings must be produced in their entirety.

10.      Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced in the order in which they appear in your files or shall be organized and labeled to correspond to the categories of the items to be produced. If a document to be produced is responsive to more than one item, that document shall be labeled to correspond to each item to which it is responsive. Documents shall not be shuffled or otherwise rearranged. Documents that were stapled, clipped, or otherwise fastened together in their original condition shall be produced in such form as to indicate the original grouping.

11.      You have a duty to conduct a reasonable investigation to locate and produce the items to be produced.

12.     If You withhold any document under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, You shall provide a written privilege log that sets forth the information required by Federal Rule of Civil Procedure 26(b)(5).

13.     If, with respect to any item to be produced, there are no responsive documents, so state in writing.

14.     When a document or communication has been identified, but is alleged to be no longer in your possession, custody, or control, you are required to identify the location of the document or communication, and the individual or individuals, including the responding party's counsel, having possession, custody, or control over the document or communication. No documents or communications called for by this Subpoena shall be destroyed, modified, removed, transferred, or otherwise made inaccessible. If you have knowledge that a responsive document or communication has been destroyed, discarded or lost, identify in a sworn affidavit the document and/or communication and provide an explanation of the destruction, discarding, loss, or disposal; the date at which the document and/or communication was destroyed, discarded, or lost; the method in which it was destroyed or discarded; and for what purpose it was destroyed or discarded.

15.     If of the objection, in writing, and shall nonetheless comply fully with the other parts of the item to be produced not objected to.

16.     These requests are continuing in nature. If, after producing any documents in response to these requests, You obtain or become aware of additional responsive information or documents, You should provide such information or documents by way of a supplemental production.

## ITEMS TO BE PRODUCED

**Request No .1:**       A copy of all audited and unaudited financial statements and audit reports concerning Admel Properties, Inc.

**Request No .2:**       All documents and communications concerning Adolpho Mello, his direct or indirect ownership interests or shares of Admel Properties, Inc., his role as your director, officer and/or employee, all investments, loans, compensation and other financial transactions between or involving you and him from your incorporation on or about 1999 through the date of this Subpoena.

**Request No .3:**       All documents and communications concerning the property located on 4 East 62nd Street, Unit 2/3, New York, New York 10065 from the purchase of the property on or about January 1, 2001 through the date of this Subpoena.

**Request No .4:**       A copy of financial statements regarding the sale of the property located on 4, East 62nd Street, Unit 2/3, New York, New York 10065.

**Request No .5:**       All documents and communications concerning the relationship between you and Mr. Jonathan A. Lesser.

**Request No .6:**       All documents and communications concerning Admel Properties, Inc.'s capital expenditures, shareholder investments, debt obligations, dividends, and any other financial transaction of any kind involving $10,000 or more.

**Request No .7:**       All documents and communications concerning Admel Properties, Inc.'s director and/or shareholder meetings.

**Request No .8:**       A copy of Admel Properties, Inc.'s organizational documents, bylaws, lists of directors and officers and all amendments thereto from your incorporation on or about 1999 through the date of this Subpoena.

Request No .9:        All documents and communications concerning Admel Properties, Inc.'s relationship to and any transactions with Trendbank S.A. Banco de Fomento.

Request No .10:        All documents and communications concerning Admel Properties, Inc.'s relationship to and any transactions with Brasco Holding Inc.

Request No .11:        All documents and communications concerning compensation accrued by and/or paid to all Admel Properties, Inc.'s directors, officers, managers, salaried employees and consultants.

DOCS/2772839.1

EXHIBIT 2

SUBPOENA FOR DEPOSITION

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Restore Advisory Intermediações LTDA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| In re Application pursuant to 28 U.S.C. § 1782 for | ) | |
| discovery in aid of foreign proceeding | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                  Admel Properties, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment

| Place: | Date and Time: |
|---|---|
| | |

        The deposition will be recorded by this method:  _____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

        *CLERK OF COURT*

                                                OR

        _____          _____
           *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  ___Petitioner___
Restore Advisory Intermediações LTDA _____ , who issues or requests this subpoena, are:

Jeremy C. Hollembeak, Baird Holm LLP, 1700 Farnam Street, Ste 1500, Omaha, NE 68102-2068, Email:
jhollembeak@bairdholm.com, Tel: (402) 636-8317

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**DEPOSITION EXAMINATION TOPICS**

Admel Properties, Inc. shall, utilizing the Definitions and Instructions below, make one or more persons available for examination on the topics set forth herein in full compliance with Federal Rule of Civil Procedure 30(b)(6), which provides:

> (6) <u>Notice or Subpoena Directed to an Organization</u>. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

**DEFINITIONS**

The terms "communication," "document" (including "electronically stored information"), "identify," "person," and "concerning" shall have the meanings ascribed to them in Local Civil Rule 26.3(c), and the terms "all," "any," and "each," "and" and "or," and all singular and plural references herein shall be given the construction required by Local Civil Rule 26.3(d).  Without limiting the scope of these definitions or altering these rules of construction, certain of these terms have been further defined below for the sake of clarity, along with additional defined terms not contained in the Local Civil Rules:

1.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.      "Communication" or "communications" means the transmittal of information by any means, oral or written, in the form of facts, ideas, and inquiries or otherwise.

3.      The terms "concerning," "concerns," "relating to," "referring to," "pertaining to," "reflecting," "evidencing," and "constituting" are used, for the purpose of this Subpoena, as equivalent terms, each including the others.

4.      "Document" or "documents" includes, but is not limited to, all accounts, accounting journals, addenda, advertising materials, agreements, analyses, bids, bills, blueprints, books, bulletins, calendars, canceled checks, cashbook, charts, checkbooks, check stubs, chronicle, computer software, contracts, contract memoranda, memoranda of conversations or communications, correspondence, delivery tickets, diagrams, diaries, drawings, electronic mail, estimates, facsimile sheets, financial statements, flow sheets, forms, graphs, index, index sheets, internal communications, instant messages, inter-office directives, invoices, job cost records, journals, ledgers, letters, lists, logbooks, magnetic tapes, manuals, maps, memoranda, microcards, microfilms, minutes, notes, orders, outlines, papers photographs, plans, price lists, printouts, proposals, purchase orders, quotations, Quickbook records, records, renderings, reports, requests, requisitions, schedules, sketches, statements, studies, summaries, tapes, telegrams, telephone bills, telephone message slips, text messages, time sheets, transcripts, transmittals, travel and expense accounts, vellums, videotapes, vouchers, work orders, WhatsApp communication and worksheets in your possession, custody, or control, or known to you, whether or not prepared by you. "Document" or "documents" also includes all copes which are not identical with the original. In addition, each request should be considered as including all copies, and to the extend applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or

comments having been added to one copy of document but not on the original or other copies thereof).

5.      The term "including" shall mean including without limitation.

6.      "Person" refers to a natural person or any legal entity, including, without limitation, any business or governmental entity or associations, including a governmental agency, corporation, partnership, sole proprietorship, trust, or business entity in any form.

7.      "Admel Properties, Inc.," "you" and "your" shall mean and refer to Admel Properties, Inc., the New York City corporation (DOS ID No. 2418280) and/or any of your parent companies, affiliates, subsidiaries, shareholders, representatives, members, employees, officers, directors, agents, accountants, consultants, successors, assigns, and attorneys acting at your direction or on your behalf, including Adolpho Mello and Jonathan A. Lesser.

## **INSTRUCTIONS**

1.      Unless otherwise specified (or subsequently agreed by the parties or ordered by the Court), references to documents in the topics below include such documents created from and after January 1, 2007 through the date of this Subpoena.

2.      The term "any" includes the word "all"; the term "all" includes the word "any."

3.      The term "each" includes the word "every" and "every" includes the word "each."

4.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests below any information that might otherwise be construed to be outside of its scope.

5.      The term "between" shall be construed as "between" or "among" as necessary to bring within the scope of the requests below all responses and documents that might otherwise be construed to be outside of their scope.

6.      The use of the singular form of any word includes the plural and vice versa.

7.      The past tense of a verb includes the present tense and vice versa.

8.      Each Topic for Examination is to be construed independently and not by reference to any other Topic for Examination.

## TOPICS FOR EXAMINATION

1.  All audited and unaudited financial statements and audit reports concerning Admel Properties, Inc.

2.  Adolpho Mello, his direct or indirect ownership interests or shares of Admel Properties, Inc., his role as your director, officer and/or employee, all investments, loans, compensation and other financial transactions between or involving you and him from your incorporation on or about 1999 through the date of this Subpoena.

3.  The property located on 4 East 62nd Street, Unit 2/3, New York, New York 10065 from the purchase of the property on or about January 1, 2001 through the date of this Subpoena, including the terms of its purchase, sale and all financing and mortgage arrangements.

4.  The relationship between you and Mr. Jonathan A. Lesser.

5.  Admel Properties, Inc.'s business operations, revenues, investments and debt obligations.

6.  Admel Properties, Inc.'s capital expenditures, shareholder investments, debt obligations, dividends, and any other financial transaction of any kind involving $10,000 or more.

7.  Admel Properties, Inc.'s relationship to and any transactions with Trendbank S.A. Banco de Fomento.

8.  Admel Properties, Inc.'s relationship to and any transactions with Brasco Holding Inc.

9.  Admel Properties, Inc.'s director and/or shareholder meetings from January 1, 2007 through the date of this Subpoena.

10. Compensation accrued by and/or paid to all Admel Properties, Inc.'s directors, officers, managers, salaried employees and consultants from January 1, 2007 through the date of this Subpoena.

11. Any other information known to deponent that Petitioner considers relevant.

DOCS/2772840.1